UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.S. NATIONAL BANK ASSOCIATION | CIVIL ACTION NO. 11-1277 |
| VERUS | JUDGE S. MAURICE HICKS, JR. |
| TOM FRANKLIN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 14) filed by *pro se* defendant Tom Franklin ("Franklin"). Franklin appeals Magistrate Judge Hornsby's Order of Remand, which remanded the above-captioned action to the 263th Judicial District Court, Tarrant County, Texas. See Record Document 12. The remand was based on Franklin's failure to file the $350 filing fee. See Record Document 11.

Magistrate Judge Hornsby's Order of Remand was a non-dispositive matter.[1] The action taken in the Order of Remand is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not decide. Magistrate Judge Hornsby's Order of Remand was not a recommendation to the district court; rather, it was an order from the magistrate judge on a non-dispositive matter than requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995) and Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review Magistrate Judge Hornsby's legal conclusions *de novo,* and will review his factual

---

[1] In the Fifth Circuit, a Magistrate Judge may rule on a motion to remand as long as review of the ruling by the district court is not foreclosed. See Escuadra v. Geovera Specialty Ins. Co., 739 F.Supp.2d 967, 971-972 (E.D.Tex. 2010). Here, the undersigned notes that the Order of Remand specifically allowed an appeal to the District Judge and further stayed the Order of Remand until any appeal to the District Judge was decided. See Record Document 12.

findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

Franklin's "Notice of Appeal" does nothing to assist in the determination of whether Magistrate Judge Hornsby's Order of Remand was clearly erroneous or contrary to law, as the entirety of his appeal provides:

> Notice is hereby given that TOM FRANKLIN, Defendant in the above named cases, hereby appeal to the United States District Judge For The Western District of Louisiana from the Magistrate's Order . . . dismissing this casein this action on 4th day of October, 2011.

Record Document 14. However, an independent review of the record easily reveals that the Order of Remand was neither clearly erroneous nor contrary to law.

Franklin failed to pay the $350 filing fee when he filed his Notice of Removal (Record Document 1). While he filed a motion for leave to proceed *in forma pauperis*, Franklin did not provide any of the required financial information and his motion was denied on July 13, 2011. See Record Documents 2, 4. He was ordered to pay the filing fee by August 13, 2011 and was warned that "[f]ailure to do so will result in the petition being stricken." Record Document 4. Franklin was then given an extension of time to pay the filing fee until August 31, 2011 and was advised that no further extensions would be granted. See Record Document 6. On October 4, 2011, more than one month after the August 31, 2011 deadline, Magistrate Judge Hornsby remanded the case,[2] as there was no evidence in the record that the filing fee had been paid. See Record Document 11.

Even under a *de novo* standard of review and construing all facts in favor of Franklin,

---

[2]Magistrate Judge Hornsby noted, "Just as the court would dismiss a complaint in the absence of a filing fee, it is appropriate to remand this case." Record Document 11 at 2.

who is *pro se*, the Court finds that Magistrate Judge Hornsby's Order of Remand was based on sound legal reasoning and was neither clearly erroneous nor contrary to law. There was nothing to prevent Franklin from submitting a new motion for leave to proceed *in forma pauperis* that included the required financial information regarding income, debt, and monthly living expenses. Additionally, Franklin was given the benefit of 49 days to pay the filing fee.

Accordingly,

**IT IS ORDERED** that Franklin's Magistrate Appeal (Record Document 14) be and is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Order of Remand (Record Document 12) be and is hereby **AFFIRMED** in all respects. The stay previously entered is hereby **LIFTED** and this action is **REMANDED** to the **236TH JUDICIAL DISTRICT COURT, TARRANT COUNTY, TEXAS**, where this action was pending as Cause No. 236-252977-11.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 16th day of November, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE